UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                Plaintiff,

          -against-

BOURNE & KENNEY REDEVELOPMENT CO.,

                Defendant.

19-CV-9560 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action against her landlord in connection with state court proceedings to evict her. By order dated October 23, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474  (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff Regina Lewis rents an apartment, which she describes as a "Low Income Tax Credit Housing Apartment," from Defendant Bourne & Kenney Redevelopment Co. She alleges that Independent Living Inc.'s Housing and Homeless Services subsidizes her rent. Defendant has refused to accept Plaintiff's rent and has initiated eviction proceedings. (ECF No. 2 at 1.)

Plaintiff contends that under New York Real Property Actions & Proceedings Law § 711(2), Defendant was required to provide her a "Notice to Pay Rent or Quit" but "defendant has made procedural mistakes during the eviction by improperly serving a notice." (*Id.* at 2.) Defendant has also allegedly failed to provide a "fire rated door." (*Id.* at 3.)

Plaintiff quotes a 2003 Fair Housing Information Sheet #4, which explains that a landlord initiating an eviction in response to "complaints from other tenants of aggressive or disturbing behavior from a tenant with mental illness" does not necessarily violate the Fair Housing Act (FHA). (*Id.*) But Plaintiff also cites this information sheet for the proposition that "a landlord might violate the FHA by refusing to cease eviction proceedings in response to a reasonable accommodation request from the tenant." (*Id.*)

Plaintiff argues that if a tenant proposes a change that would "eliminate or reduce the impact of a lease violation," such a reasonable accommodation "may protect the tenant against eviction." (*Id.* at 4.) Plaintiff contends that there is a "high standard upon landlords to identify and implement a suitable reasonable accommodation, even when one is not proposed by the tenant herself. (*Id.* at 7.) Much of Plaintiff's complaint appears to cite legal advice from an unspecified source. Plaintiff notes, for example, that "the fast pace with which evictions often move may require that the fair housing claims be raised first as affirmative defenses in the eviction proceeding." (*Id.* at 6.)

Plaintiff states that she "is an American with a Disability," though she does not plead facts about her disability or the basis for her eviction. She contends that "[t]he landlord refuses to replace the door with a fire rated door that will keep the noise and the cigarette smoke and marijuana smoke out of my apartment. The smoke in close proximity affects my wellbeing and my breathing. I also suffer with PTSD so the noise triggers my anxiety." (*Id.* at 7.)

Plaintiff invokes the Americans with Disabilities Act, the Rehabilitation Act, and the FHA. Plaintiff seeks "an accommodation that landlord not proceed with an eviction due to extreme hardship and [that landlord be ordered] to accommodate [Plaintiff] with a fire rated door," and be sanctioned with "punitive damages of $75,000 for the unlawful eviction proceedings." (*Id.* at 9.)

## DISCUSSION

The Second Circuit has instructed the district courts not to make a merits determination in an incompetent person's federal civil action unless the incompetent person is represented by a guardian *ad litem* who is represented by counsel. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134-35 (2d Cir. 2009). District courts may dismiss such an action without prejudice if the incompetent person lacks counsel. *See id.* at 135.

On October 10, 2017, after conducting a competency hearing under Rule 17 of the Federal Rules of Civil Procedures in *Lewis v. Newburgh Hous. Auth.*, ECF 1:11-CV-3194, 201 (LMS), Magistrate Judge Lisa Margaret Smith determined that Regina Lewis "is not legally competent to proceed without the appointment of a [guardian *ad litem*]." (*Id.* at 21).[1]

---

[1] In *Lewis*, No. 1:11-CV-3194, the Court located *pro bono* counsel for Plaintiff and appointed Plaintiff's brother guardian *ad litem*, but he later withdrew. Counsel attempted to secure a replacement guardian *ad litem* through an Article 81 proceeding that counsel filed in state court. On April 19, 2018, *pro bono* counsel informed the Court that she withdrew the

3

Accordingly, unless Plaintiff files a civil action through a guardian *ad litem* who is (or will be) represented by counsel, the Court must dismiss Plaintiff's civil actions without prejudice. The Court therefore dismisses this action without prejudice because Plaintiff has filed it without a guardian *ad litem*.

The Court notes that nothing in this order prevents Plaintiff from raising these issues as affirmative defenses in her eviction proceedings, or from refiling this action with a guardian *ad litem*.[2]

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice because she can proceed in this Court only through a guardian *ad litem*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

Article 81 state-court petition because "it was determined that [Plaintiff] will remain non-compliant and unprepared to participate." *Id*. (ECF No. 179).

[2] According to the website of the New York City Housing Court, it has a guardian *ad litem* program for tenants with Housing Court proceedings. *See* https://www.nycourts.gov/courts/nyc/housing/GAL.shtml

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 29, 2019
       New York, New York

COLLEEN McMAHON
Chief United States District Judge